COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

GABINO MEDRANO BALTAZAR,
III,              )

                                                                              )              
No.  08-02-00106-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
143rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Ward County, Texas

Appellee.                           )

                                                                              )          
(TC# 98-01-04022-CRW)

                                                                              )

 

 

O
P I N I O N

 

Gabino Medrano
Baltazar appeals his conviction for the offense of arson, a second degree
felony.  

FACTUAL
SUMMARY

On March 27, 1998,
Appellant waived his right to a jury trial and entered a negotiated plea of
guilty to the offense of arson.  As part
of the plea bargain, Appellant waived his right to appeal.  In accordance with the plea bargain, the
trial court deferred entering a finding of guilt and placed Appellant on
community supervision for ten years.  In
February 2002, the trial court found that Appellant had violated the terms and
conditions of his community supervision, adjudicated Appellant=s guilt, and assessed punishment at
imprisonment for a term of twelve years. 
We dismiss for want of jurisdiction.








FRIVOLOUS
APPEAL

Appellant=s court-appointed counsel has filed a
brief in which he has concluded that the appeal is wholly frivolous and without
merit.  The brief meets the requirements
of Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396, reh.
denied, 388 U.S. 924, 18 L.Ed.2d 1377, 87 S.Ct. 2094 (1967), by presenting
a professional evaluation of the record demonstrating why, in effect, there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State,
516 S.W.2d 684 (Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553
(Tex.Crim.App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969).  A copy of counsel=s
brief has been delivered to Appellant, and Appellant has been advised of his
right to examine the appellate record and file a pro se brief.  No pro se brief has been filed.

The record reflects
that Appellant was admonished of the consequences of his guilty plea pursuant
to Article 26.13 of the Texas Code of Criminal Procedure.  Appellant made a judicial confession
admitting his guilt.  Furthermore, as
noted by appellate counsel, Appellant waived his right to appeal at the
conclusion of the plea proceeding.  We
agree with counsel=s
conclusion that the appeal is frivolous but Appellant=s
waiver of the right to appeal requires us to dismiss this appeal rather than
affirm Appellant=s
conviction.








It is well
established that a criminal defendant may waive any of the rights secured him
by law, including the right to appeal.  Tex.Code Crim.Proc.Ann. art.
1.14(a)(Vernon Supp. 2002); Perez v. State, 885 S.W.2d 568, 570
(Tex.App.‑-El Paso 1994, no pet.). 
A knowing and intelligent waiver of the right to appeal operates to
prevent a defendant from appealing without the consent of the trial court.  Ex parte Tabor, 565 S.W.2d 945, 946
(Tex.Crim.App. 1978); Smith v. State, 858 S.W.2d 609, 611 (Tex.App.‑‑Amarillo
1993, pet. ref=d).  No attack on the waiver of the right to
appeal will be entertained in the absence of factual allegations supporting the
claim that the waiver was coerced or involuntary.  Tabor, 565 S.W.2d at 946; Perez,
885 S.W.2d at 570.  Merely filing a
notice of appeal is not sufficient to overcome the prior waiver of appeal.  Tabor, 565 S.W.2d at 946; Perez,
885 S.W.2d at 570.  The trial court has
not granted permission to appeal and there is nothing in the record indicating
that Appellant=s waiver
is involuntary.  To the contrary, the
evidence before us shows that Appellant, after being advised by the trial court
and counsel, knowingly and voluntarily waived his right to appeal.  Because the record does not reflect that
Appellant has appealed with the permission of the trial court, we have no authority
to review any points of error he might have raised on appeal.  See Tabor, 565 S.W.2d at 946; Perez,
885 S.W.2d at 571; Smith, 858 S.W.2d at 613.  Accordingly, this appeal is dismissed for
want of jurisdiction.

 

 

 

November
7, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)